## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC KENNETH JONES,** | : | Civil No. 1:13-CV-2526 |
| | : | |
| **Petitioner,** | : | **(Judge Kane)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **VINCENT MOONEY, et al.,** | : | |
| | : | |
| **Respondent.** | : | |

## **MEMORANDUM ORDER**

The above-captioned state prisoner habeas corpus petition has been referred to the undersigned for resolution. Upon receipt of this case assignment we noted that there are a series of motions for release from custody filed by the petitioner, coupled with motions to compel us to expedite resolution of this matter. (Docs. 52, 53, 56, 57, 60.)

To the extent that Jones seeks out assurance that we will endeavor to promptly address the merits of his petition, he may rest assured that we will. Therefore, a motion to compel us not to delay consideration of this matter is unnecessary, and the motions to compel filed by Jones, (Docs. 52 and 56.) are DENIED.

Jones' motions for bail (Docs. 53, 57, and 60.) are also DENIED.

As an inmate serving a criminal sentence, Jones must make a demanding showing to justify release from custody pending litigation of his habeas corpus petition. With respect to such bail requests by inmate habeas petitioners:

> [C]ourts that have been faced with requests for bail prior to ruling on a habeas petition have developed standards requiring that a habeas petitioner (1) make out a clear case for habeas relief on the law and facts, or (2) establish that exceptional circumstances exist warranting special treatment, or both. See, e.g., Eaton v. Holbrook, 671 F.2d 670, 670 (1st Cir.1982); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir.1981); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974).

Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986).

In this case, we find that Jones has not met this demanding standard of proof justifying release pending the resolution of this petition. At the outset, Jones does not show any "exceptional circumstances" justifying release from custody in his motion. Thus, he fails to make any claim that would bring his petition within that narrow realm of extraordinary cases where release pending resolution of the habeas petition is appropriate. In short, until Jones both makes out a clear case for habeas relief on the law and facts, and demonstrates that exceptional circumstances exist warranting special treatment, we cannot entertain his motion for release. Therefore, the motion must be denied, without prejudice.

SO ORDERED this 13th day of May, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge