IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC KENNETH JONES, | : | |
|    Petitioner | : | No. 1:13-cv-2526 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| VINCENT MOONEY, et al., | : | (Magistrate Judge Carlson) |
|    Defendants | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Carlson, recommending that the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and Petitioner's objections thereto. For the reasons that follow, the Court will adopt the Report and Recommendation and deny the petition.

**I.   BACKGROUND**

Following a jury trial in Pennsylvania state court, held on January 12-14, 2009, Petitioner Eric Kenneth Jones was found guilty of Indecent Assault by Forcible Compulsion. (See Doc. No. 66 at 4.) During sentencing, the state court found that Petitioner qualified under Pennsylvania law as a sexually violent predator, and he was sentenced to a 25-to-50 year term of imprisonment. (See id. at 5.) He later filed a Post Conviction Relief Act ("PCRA") petition, which was denied by the trial court.[1]

On October 7, 2013, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, bringing a litany of claims for relief including ineffective

---

[1] Magistrate Judge Carlson's Report and Recommendation contains a thorough background of Petitioner's case and his attempts for post-conviction relief in state court. (See Doc. No. 66.) Accordingly, the Court need not rehash it here.

1

assistance of counsel (Doc. No. 1); he filed an amended petition on June 13, 2014 (Doc. No. 21). On June 26, 2015, Magistrate Judge Carlson issued a Report and Recommendation in which he recommends that the Court deny the petition. (Doc. No. 66.) Specifically, Magistrate Judge Carlson concluded that: (1) with one exception, Petitioner's claims are procedurally barred because he did not exhaust them in Pennsylvania state court, and (2) Plaintiff's sole preserved claim – that the trial judge granted a motion to amend his criminal information, and his counsel was ineffective for failing to object to this amendment – is without merit. (Id.) On July 14, 2015, Petitioner filed objections. (Doc. No. 66.) Thereafter, on July 23, he filed a "Petition for rehearing en banc" (Doc. No. 71), and on August 12, 2015, a motion seeking an evidentiary hearing and appointment of counsel (Doc. No. 73).

## II. DISCUSSION

### A. Objections

Petitioner first objects to Magistrate Judge Carlson's proposed finding that most of the claims in his Section 2254 petition are procedurally defaulted. (Doc. No. 70 at 1-2.) According to Petitioner, he "fairly presented" these claims, even though the state court declined to hear them. (Id.) "Before the District Court can entertain a federal habeas petition [under Section 2254], it is well established that a petitioner must first exhaust his federal claims in state court." Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004). It is true, as Petitioner suggests, "[e]ven if a state court fails to rule on the merits of a claim, a properly presented claim will be considered exhausted." Id. However, "[w]here a state court refuses to consider a petitioner's claims because of a violation of state procedural rules, a federal habeas court is barred by the procedural default doctrine from considering the claims." Id. The Court agrees with Magistrate Judge Carlson that

most of the claims brought by Petitioner in the present petition were never properly presented and exhausted in state court in a procedurally appropriate manner.  Indeed, as Magistrate Judge Carlson highlights, although Petitioner attempted to belatedly add claims on direct appeal of his PCRA denial, the Superior Court found that he had failed to preserve those claims under the Pennsylvania Rules of Civil Procedure. (See Doc. Nos. 5-1 at 39; 66 at 6, 20.)  The Court finds that Plaintiff's properly presented claims were limited in scope and did not include the claims now raised in his Section 2254 petition. (See, e.g., Doc. No. 44-6.)  Accordingly, the Court will overrule this objection.

Plaintiff next objects to Magistrate Judge Carlson's footnote on page 21 of his Report and Recommendation. (Doc. No. 70 at 2.)  In that footnote, Magistrate Judge Carlson notes in the alternative that even if Petitioner's claims were not defaulted, they are generally meritless. (Doc. No. 66 at 21 n.4.)  Magistrate Judge Carlson specifically highlights two: Petitioner's claim that his lawyer was ineffective in failing to object to (1) testimony regarding a threat Petitioner leveled at the victim during the assault, and (2) testimony by a police officer that the officer was responding to a call on the night of the incident. (Id.)  It is not entirely clear what Petitioner's precise objection is to this finding[2], but the Court is satisfied that the objection is meritless. Magistrate Judge Carlson's observations on this point are merely in the alternative and, in any event, the Court agrees with him that such testimony is obviously relevant and not otherwise

---

[2] Specifically, Plaintiff writes that Magistrate Judge Carlson "ignor[es] that a rape was reported, and a rape exam completed on alleged victim.  Thus, if such review on this issue is to be ignored, Petitioner is clearly right in his arguments.  Why not just show how this is a meritless issue?  To dance around it by not addressing it, supports Petitioner's claim that trial counsel was ineffective for not cross examining this at trial.  Especially when Petitioner requested that he do so." (Doc. No. 70 at 2.)

unduly prejudicial to Petitioner.  The Court will overrule this objection.

Lastly, Petitioner also objects to Magistrate Judge Carlson's proposed finding that Petitioner is not entitled to relief on his sole preserved claim – that counsel was ineffective for not objecting to the prosecutor's motion to amend Petitioner's criminal information.  (Doc. No. 70 at 2-3.)  It appears that, prior to closing arguments, the prosecutor in Petitioner's trial requested that the criminal information be amended to remove an accusation regarding Petitioner allegedly putting his mouth on the victim's breasts.  (See Doc. No. 44-1 at 15.)  Once again, the precise contours of Petitioner's objection are less than clear to the Court[2], but the Court agrees with Magistrate Judge Carlson that Petitioner was in no way prejudiced by this amendment, a "commonplace event of conforming a charging document to conform with the proof at trial." (See Doc. No. 66 at 22.)  Indeed, such an amendment is expressly permitted by the Pennsylvania Rules of Civil Procedure, see Pa. R. Crim. P. 564, and Petitioner offers no compelling argument as to how or why this amendment – which merely removed a single factual averment that was not presented at trial – prejudiced him.  Petitioner also writes that "none of the indecent contacts were [sic] instructed to Petitioner's jury," but the transcript of the jury instructions provided by Petitioner clearly set forth that the trial Court instructed the jury regarding indecent contact. (See Doc. No. 70 at 68-71.)  The Court will overrule this objection as well.

      **B.**    **Additional motions**

The Court will also deny the two additional motions Petitioner filed subsequent to his objections.  First, he filed a motion for "rehearing en banc," in which he appears to suggest that

---

[2] See Doc. No. 70 at 2 ("This recommendation must fail due to a motion never filed on such an amendment, and Petitioner never argued the information itself, but argued that testimonial accusations were deleted, and further exhibited this by the state court record[.]").

it was improper for his petition to go before Magistrate Judge Carlson.  (Doc. No. 71.)  However, under the Magistrate Act, 28 U.S.C. § 636, the Court may refer a petition such as Petitioner's to a magistrate judge for a Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Second, Petitioner filed a motion seeking an evidentiary hearing and requesting counsel.  (Doc. No. 73.) The decision whether to hold a hearing on a habeas petition is left to the sound discretion of the district court.  Morris v. Beard, 633 F.3d 185, 193 (3d Cir. 2011).  Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing.  See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972).  Here, the Court concludes that Petitioner raises no colorable grounds for relief, and finds a hearing unnecessary.  Additionally, the Court is dismissing the petition, and the appointment of counsel is therefore not warranted.

### C.     Certificate of appealability

The Court will also adopt Magistrate Judge Carlson's recommendation that it decline to issue a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right."  In other words, a certificate of appealability should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court agrees that Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right. An order consistent with this memorandum follows.